900 F.2d 249
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Bernice BENNETT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-1748.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 5, 1989.
Decided: Feb. 2, 1990.
 
 Appeal from the United States District Court for the District of Maryland at Baltimore. Norman P. Ramsey, District Judge. (CA-85-4981-R)
 Peter M.D. Martin, Mary D. Oldewurtel, Stephanie Edelstein, Legal Aid Bureau, Inc., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Victor J. Pane, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services; Breckinridge L. Willcox, United States Attorney, Larry D. Adams, Assistant United States Attorney, on brief), for appellee.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff-appellant, Bernice Bennett, after denial of her claim for Widow's Insurance Benefits (WIB) under the Social Security Act by the Administrative Law Judge (ALJ) and on review by the Appeals Council, brought an action in the district court pursuant to 42 U.S.C. Section 405(g) for review of the final denial of benefits. Upon motions for summary judgment filed both by the Secretary and the plaintiff, the district court granted the motion of the Secretary for summary judgment in his favor. The plaintiff appeals. We affirm.
 
 
 2
 Under the criteria for the establishment of disability benefits for widows, widowers and surviving divorced spouses, 20 C.F.R. Sections 404.1577 and 404.1578, the claimant must have a medically determinable physical or mental impairment, or combination thereof, which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than twelve months, and sufficient to prevent a person from engaging in any gainful activity, substantiated by clinical findings identical to or the medical equivalent of those for any impairment in the so-called Listing of Impairments (LOI) in 20 C.F.R. Part 404, Subpart P, Appendix I.
 
 
 3
 Plaintiff was born in May 1930; she was married to James Bennett from 1956 until his death in 1984. She has a tenth grade education and last worked in 1979 as a dietary clerk. She filed her application for benefits on March 5, 1984, claiming inability to work due to arthritis, thyroid disease, hypertension, lumbar stenosis and a heart condition.
 
 
 4
 After careful review and consideration of the whole record and written briefs of the parties, it is our opinion that the findings of the Secretary are supported by substantial evidence, and we affirm the judgment of the district court. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 5
 AFFIRMED.